### ROBERT S. WEISS & COMPANY *v.* GERALD MULLINS ET AL.
### (12449)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, JS.

Argued April 3—decision released July 9, 1985

*John E. Terzis,* for the appellants (defendants).

*Frank H. D'Andrea, Jr.,* with whom, on the brief, was *Brian D. Rosenfeld,* for the appellee (plaintiff).

SANTANIELLO, J. This appeal concerns the existence of a right-of-way that the plaintiff, Robert S. Weiss & Company, claims it has over land owned by the defendants, Gerald and Dorothy Mullins. The plaintiff claimed a declaratory judgment determining whether or not it has a right-of-way over the defendants' land and, if so, the location of the right-of-way and the extent of its permissible user. The plaintiff also sought a temporary and permanent injunction restraining the defendants from obstructing the use of the right-of-way by the plaintiff. The defendants filed an answer in which they denied the plaintiff's allegations and raised twenty-nine special defenses. They also filed a cross complaint claiming a right-of-way in their favor over the plaintiff's property and seeking declaratory and injunctive relief. The trial court found that the plaintiff has "a right-of-

way over the defendants' land which lies immediately to and adjoining the west of the plaintiff['s] property measuring 10 feet wide, more or less, by 151 feet long, more or less," and enjoined the defendants from obstructing the plaintiff's use of this right-of-way. Since the defendants did not pursue their cross complaint at trial, the court rendered judgment for the plaintiff on both the complaint and the cross complaint, from which the defendants have appealed. We find no error.

From the evidence adduced at trial, the trial court found the following facts: On November 19, 1982, the plaintiff acquired title to property located at 16 West Park Place in Stamford. The plaintiff's property is immediately adjacent to 12 West Park Place, a tract of land owned by the defendants since February 18, 1982. On the defendants' land is a driveway that adjoins the plaintiff's property.

The grantor deeds in the plaintiff's chain of title, dating from January, 1955, all contain language to the effect that the property now owned by the plaintiff was conveyed together with "all the right, title and interest of the Grantors in and to the driveway adjoining said premises on the west." William J. Fitzpatrick, one of the plaintiff's predecessors in title, testified that he, his tenants and his employees used the driveway from the time he acquired title in July, 1959, until 1979, when he sold the property now owned by the plaintiff. Throughout this period, the driveway was owned by the defendants' predecessors in title. From this testimony, the court found that Fitzpatrick had "used the driveway for approximately twenty years, openly, visibly, uninterruptedly and as a claim of right." Although the defendants offered testimony to show that the use of the driveway was not uninterrupted or continuous, the trial court found that the witnesses for the defense "ranged from vague and uncertain, to reluctant and

clearly evasive. This was so to such an extent that the trier could not accept their testimony as credible.''

The court further found that the use made by the plaintiff and its predecessors in title of the driveway now owned by the defendants had been visible, open and continuous and without recognition of the rights of the owner, and that such use dated from 1955 through the present. On the basis of these facts, the court held that the plaintiff had satisfied the applicable requirements of General Statutes § 47-37,[1] and that it was therefore entitled to a right-of-way over the defendants' driveway.

At the outset, we note that several of the issues raised by the defendants on appeal were not brought to the trial court's attention through available and appropriate means, such as objections, exceptions and pretrial and post trial motions. Nor were any of these claims listed in the defendants' preliminary statement of issues as required by Practice Book § 3012. ''Pursuant to our rules of practice, we are not 'bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . .' Practice Book § 3063. In addition, issues that an appellant wishes to present to this court on appeal must be included in a preliminary, or amended preliminary statement of issues, filed with the chief clerk. Practice Book § 3012; see *Presutti* v. *Presutti,* 181 Conn. 622, 625–26, 436 A.2d 299 (1980).'' *Bielaska* v. *Waterford,* 196 Conn. 151, 156, 491 A.2d 1071 (1985). Due to the defendants' failure to preserve and present these claims, in accordance with our settled rules of appellate procedure, they will not be considered.[2]

---

[1] General Statutes § 47-37 provides: ''No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years.''

[2] The claims set out in the defendants' appellate brief that have not been properly presented for our review are summarized as follows: (1) whether

Three of the four remaining claims raised by the defendants essentially challenge the trial court's factual findings and its determinations regarding the credibility of the witnesses. "On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. See Practice Book, [1985], § 3060D. This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

To acquire a right-of-way by prescription, the party claiming the right must prove a use which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. General Statutes § 47-37; *Reynolds* v. *Soffer,* 190 Conn. 184, 187, 459 A.2d 1027 (1983); *Klar Crest Realty, Inc.* v. *Rajon Realty Corporation,* 190 Conn. 163, 168, 459 A.2d 1021 (1983). "Whether the requirements for such a right have been met in a particular case presents a question of fact for the trier of facts. *Wadsworth Realty Co.* v. *Sundberg,* [165 Conn 457, 464, 338 A.2d 470 (1973)]; *Klein* v.

the trial court erred in rendering judgment for the plaintiff when a material variance allegedly existed between the allegations of the complaint and the evidence adduced at trial; (2) whether the court employed the proper standard of proof in determining the existence of the right of way; (3) whether the court's questioning of three defense witnesses indicated that it had prejudged their credibility and decided the case before its completion; and (4) whether the court erroneously granted injunctive relief when the plaintiff purportedly failed to allege and prove irreparable harm and the lack of an adequate remedy at law.

*DeRosa,* 137 Conn. 586, 589, 79 A.2d 773 (1951)."
*Swenson* v. *Dittner,* 183 Conn. 289, 294–95, 439 A.2d
334 (1981). In such cases, the trier's determination of
fact will be disturbed only in the clearest of circum-
stances, where its conclusion could not reasonably be
reached. *D'Occhio* v. *Connecticut Real Estate
Commission,* 189 Conn. 162, 180, 455 A.2d 833 (1983).

After a review of the entire transcript and all the
exhibits in this case, we cannot conclude that the trial
court's finding of a prescriptive easement in the plain-
tiff's favor over the defendants' driveway was clearly
erroneous. The plaintiff introduced into evidence six
deeds in the chain of title to 16 West Park Place dat-
ing from January, 1955. Each deed conveyed to the
grantee all of the right, title and interest of the gran-
tor in and to the driveway adjoining 16 West Park
Place. This evidence furnished prima facie proof that
the use of the driveway was adverse, that is, under a
claim of right. *Reynolds* v. *Soffer,* supra, 188. Although
none of the deeds in the defendants' chain of title refers
specifically to a right-of-way, two of the deeds offered
into evidence by the defendants contain a general pro-
vision that the property was conveyed subject to "any
easements that may appear." Furthermore, the defend-
ants' actual knowledge of the existence of the right-
of-way is not a necessary element of the plaintiff's
proof. "That a claim was actually made and brought
to the attention of the owner of the fee is not essential
in order to establish that the user was made under a
claim of right. Nothing more is required than a user
'as of right,' that is, without recognition of the rights
of the owner of the servient tenement." (Citations omit-
ted.) *Zavisza* v. *Hastings,* 143 Conn. 40, 45–46, 118
A.2d 902 (1955). It is only in a case " '[w]here the use
of a right of way is in common with the pub-
lic . . . [that] the individual user must, in order to
establish an independent prescriptive right, perform

some act to the knowledge of the servient owner clearly indicating his individual claim of right.' " (Citations omitted.) *Klar Crest Realty, Inc.* v. *Rajon Realty Corporation,* supra, 168. There was no evidence in this case that the defendants' driveway was ever used as a right-of-way by the general public. Thus, the plaintiff was not required, as the defendants contend, "to perform some act to the knowledge of the servient owner clearly indicating its claim of right."

The plaintiff presented testimony at trial through two of its predecessors in title, William Fitzpatrick and James Colgan; an employee of Fitzpatrick, Wilbur Parham; a former tenant of Fitzpatrick, Edward Wright; and Robert Weiss, the plaintiff corporation's sole stockholder. These witnesses testified that the owners of 16 West Park Place, as well as their tenants, employees and service people, had used the driveway now owned by the defendants to reach a parking area in the rear of the plaintiff's property. The driveway also provided access to Whittaker Place, a public street, via another right-of-way located on property immediately adjacent and to the north of the defendants' land. The court expressly found from Fitzpatrick's testimony that he had used the driveway for approximately twenty years, openly, visibly, uninterruptedly and under a claim of right. The evidence adduced at trial amply supports the court's conclusion that the plaintiff satisfied the requirements of General Statutes § 47-37, and the consequent determination of a right-of-way in its favor over the defendants' driveway.

The defendants claim that the trial court's evaluation of the credibility of the witnesses was clearly erroneous. In its memorandum of decision, the court credited the evidence presented by the plaintiff, while explicitly stating that it could not accept as credible the testimony of the defendants' witnesses. After thoroughly reviewing the entire record in this case, we

cannot conclude that the trial court abused its broad discretion in evaluating the witnesses' credibility. "The sifting and weighing of evidence is peculiarly the function of the trier. '[N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony.' *Steinman* v. *Maier,* 179 Conn. 574, 576, 427 A.2d 828 (1980), quoting *Toffolon* v. *Avon,* 173 Conn. 525, 530, 378 A.2d 580 (1977). 'The rare occasion where testimony supporting a fact is such that the court could not reasonably disbelieve it; *Fidelity & Casualty Co.* v. *Constitution National Bank,* 167 Conn. 478, 489, 356 A.2d 117 (1975); is not present in this case.' *Steinman* v. *Maier,* supra." *Swenson* v. *Dittner,* supra, 293.

The defendants challenge the trial court's finding of a right-of-way "measuring 10 feet wide, more or less, by 151 feet long, more or less," on the ground that the plaintiff failed to establish with reasonable certainty the boundaries of the prescriptive easement. They assert that "there was not one iota of proof to support the court's conclusion" regarding the measurements of the right-of-way. We disagree.

It is well settled that "[a] prescriptive right cannot be acquired unless the use defines its bounds with reasonable certainty." *Reynolds* v. *Soffer,* supra, 190, quoting *Kaiko* v. *Dolinger,* 184 Conn. 509, 511, 440 A.2d 198 (1981). In this case, there was adequate evidence to support the trial court's determination regarding the dimensions of the right-of-way. The plaintiff's witnesses testified to having used the entire length of the driveway now owned by the defendants. The specific measurements of the driveway are set forth on several maps admitted into evidence. The witnesses identified their use of the driveway by referring to these maps during their testimony. The boundaries set out in the court's memorandum of decision are in accordance with

the testimony and exhibits presented at trial, and the right-of-way is defined in terms of its boundaries with reasonable certainty.

Finally, the defendants claim that the trial court's failure to rule specifically on the six special defenses remaining in the case at the time of trial constitutes reversible error. In their answer to the plaintiff's complaint, the defendants raised twenty-nine special defenses. At the commencement of trial, counsel for both parties agreed that all but six of these special defenses would be stricken. "[W]hen a party seeks a further articulation of the factual basis of the trial court's decision or the inclusion in the memorandum of decision of the trial court's rulings on claims of law properly presented, he should file a motion with the trial court under Practice Book, [1985], § 3082 setting forth the specific factual issues he seeks to have resolved and the claims of law he seeks to have included." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra, 222 n.5. The defendants filed no such motion with the trial court, and have thus failed in their duty as appellants to provide this court with an adequate appellate record. *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982). In any case, it is apparent from the record that all six of the remaining special defenses were merely factual allegations aimed at contradicting the plaintiff's claim of an open, continuous, uninterrupted use of the driveway under a claim of right. Not one of the six defenses presented a legal claim for the court's decision. The court's ruling in favor of the plaintiff and the factual findings set out in its memorandum of decision clearly indicate that it found against the defendants on each of the special defenses.

There is no error.

In this opinion the other judges concurred.