MARIANNINA DISORBO *v.* GRAND ASSOCIATES
ONE LIMITED PARTNERSHIP
(3920)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 4—decision released July 22, 1986

*Charles J. Riether,* for the appellant (defendant).

*James L. Radda,* with whom, on the brief, was *Richard Damiani,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the judgment of a trial referee,[1] acting as the trial court, which granted the plaintiff a prescriptive easement over the defendant's land and enjoined the defendant from interfering with the plaintiff's use and enjoyment of the easement. The defendant claims that the court erred (1) in determining that there was sufficient evidence to support the finding that the plaintiff's use of the land was adverse to the defendant, and (2) in refusing to allow a witness of the defendant to testify as to the detrimental effect of granting a permanent injunction. We find no error.

The plaintiff and her husband operate a bakery on Grand Avenue in New Haven. The defendant is the present owner of the adjacent parcel on Grand Avenue. Since opening the bakery in 1963, the plaintiff and her husband have used a driveway on a portion of the property now owned by the defendant. Vehicles would travel down the 150 foot driveway and turn right across the back of the defendant's land to reach the rear of the plaintiff's bakery. Since 1963, the driveway and crossover have been used by the plaintiff's baking suppliers when making deliveries, by the plaintiff's private trash collector when emptying her dumpsters, and by

---

[1] The trial referee, *Hon. Harold M. Mulvey,* is a retired judge of the Superior Court and as such is authorized to "exercise the powers of the superior court in respect to trial, judgment and appeal." Practice Book § 430; see *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 503 n.4, 508 A.2d 415 (1986).

the plaintiff and her husband when making pickups and deliveries for their business. In the late 1970's, the plaintiff and her husband resurfaced the driveway at their own expense.

Neither the plaintiff nor her husband ever requested permission to use the driveway or crossover, nor did anyone ever order them to cease their use. The plaintiff and her husband simply used the driveway and crossover as they wished. At no time were the plaintiff and her husband served with the statutory notice for disputing easements as set forth in General Statutes §§ 47-38 et seq.

On appeal, the defendant's first claim is that there was insufficient evidence to support the referee's finding that the plaintiff's use of the driveway was adverse to the defendant or its predecessors. We find no merit to this claim.

To acquire a right of way by prescription, a party must establish that a use is open, visible, continuous, and uninterrupted for fifteen years and made under a claim of right. General Statutes § 47-37; *Robert S. Weiss & Co.* v. *Mullins,* 196 Conn. 614, 618, 495 A.2d 1006 (1985). In claiming that the evidence failed to support a finding that the plaintiff's use was adverse, the defendant focuses on the requirement that the use be under a "claim of right." See *Putnam, Coffin & Burr, Inc.* v. *Halpern,* 154 Conn. 507, 515–16, 227 A.2d 83 (1967); *Sachs* v. *Toquet,* 121 Conn. 60, 66, 183 A. 22 (1936). "Use under a claim of right means 'without recognition of the rights of the owner of the servient tenement.' " *Wadsworth Realty Co.* v. *Sundberg,* 165 Conn. 457, 464, 338 A.2d 470 (1973); *Klar Crest Realty, Inc.* v. *Rajon Realty Corporation,* 190 Conn. 163, 168, 459 A.2d 1021 (1983). To establish a claim

of right, it is not necessary that a claim be actually made and brought to the attention of the owner in fee. *Robert S. Weiss & Co.* v. *Mullins,* supra, 619; *Phillips* v. *Bonadies,* 105 Conn. 722, 726, 136 A. 684 (1927).

In the present case, the plaintiff's husband testified that he used the driveway and crossover whenever he wanted to and that he never sought permission to use the driveway. The plaintiff offered similar testimony. Where, as here, there is neither proof of express permission of the landowner, nor proof of an express claim of right by the person using the way, the character of the use, whether adverse or permissive, is to be determined as an inference from the circumstances of the parties and the nature and character of the use. *Putnam, Coffin & Burr, Inc.* v. *Halpern,* supra, 516; *Phillips* v. *Bonadies,* supra, 727. " 'Whether the requirements for such a right have been met in a particular case presents a question of fact for the trier of facts.' " *Robert S. Weiss & Co.* v. *Mullins,* supra, 618; *Wadsworth Realty Co.* v. *Sundberg,* supra, 464. The trier's determination of facts will be disturbed only when those findings are clearly erroneous. Practice Book § 3060D; *Robert S. Weiss & Co.* v. *Mullins,* supra, 618; *Russo* v. *Terek,* 7 Conn. App. 252, 256–57, 508 A.2d 788 (1986). After a review of the record and transcript, we conclude that the trial referee's findings were not clearly erroneous.

The defendant's second claim is that the court improperly excluded testimony of one of the defendant's witnesses. The witness, a general partner of the defendant, a limited partnership, was asked about the financing of a building project located on the defendant's property. The court sustained an objection of the plaintiff on the grounds that such information was

irrelevant to the issue of whether the plaintiff had established a prescriptive easement.[2]

The defendant now claims that the witness would have testified "that the mortgage commitment with CHFA for permanent financing [of the project] would be lost in the event a permanent injunction was granted to the plaintiff allowing use by the plaintiff over the driveway of the defendant by way of large trucks, including tractor trailors."[3] The defendant asserts that

---

[2] "[Mr. Riether]: Is the project financed, Mr. Prete?

"Mr. Damiani: Objection, Judge.

"The Court: Sustained.

"Mr. Riether: Your Honor—

"The Court: What's your claim?

"Mr. Riether: Your Honor, it's the type of financing is very important to this moderate income apartment project that—

"The Court: What has that got to do with whether or not there is a prescriptive easement here?

"Mr. Riether: And the mortgage commitment is conditioned upon what type of use this property is used for.

"The Court: Well, that may be, but I have nothing to do with that. The only question before me is whether or not these people have established prescriptive rights to use that driveway leading out on to Grand Avenue. That's the only question I have and what any agreements somebody made with a bank or some other financial institution, what kind of agreement they made has nothing to do with the determination of that. That determination depends upon the evidence that was displayed in this courtroom. That's it. I'll sustain your objection.

"Mr. Damiani: Thank you.

"[Mr. Riether]: Do you know who the previous owners were to the property?

"[Mr. Prete]: A Gentleman by the name of Frolley (Phonetic) I believe. Well, I should say the City of New Haven is the previous owner, purchased from the City of New Haven with no easement and with the understanding—

"Mr. Damiani: Objection.

"The Court: Sustained. The city of New Haven can't bind me either.

"Mr. Riether: May I have an exception?

"The Court: Certainly."

[3] The defendant incorrectly states the nature of the injunctive relief sought by the plaintiff. The plaintiff did not seek, and the trial referee did not grant, an injunction "allowing use by the plaintiff over the driveway." Such permission is implicit in the findings of a prescriptive easement, and no injunc-

such testimony was relevant as part of the balancing of the equities that must occur whenever injunctive relief is sought.

"Whenever an objection to the admission of evidence is made, counsel shall state the grounds upon which it is claimed or upon which objection is made, succinctly and in such form as he desires it to go upon the record, before any discussion or argument is had." Practice Book § 288. Our rules require that counsel clearly state the grounds upon which he is relying either to admit or to object to the proffered evidence. *Mays* v. *Mays,* 193 Conn. 261, 268, 476 A.2d 562 (1984); *Johnson* v. *Rockaway Bus Corporation,* 145 Conn. 204, 210, 140 A.2d 708 (1958). Here, the court excluded the evidence on the ground that it was irrelevant to the issue of the establishment of a prescriptive easement. The defendant does not dispute this reasoning but contends that the testimony was relevant on the issue of determining whether injunctive relief should be granted. Although the contention may be sound; see *Peckheiser* v. *Tarone,* 186 Conn. 53, 60–61, 438 A.2d 1192 (1982);[4]

tion is necessary to authorize such use. Rather, the injunction prohibited the defendant from interfering with the plaintiff's use and enjoyment of the easement.

[4] In *Peckheiser,* our Supreme Court stated that " '[i]njunction is the proper remedy to stop interference with an owner's use and enjoyment of an easement.' It is an equitable form of relief, however, which does not follow automatically upon establishment of a strict legal right where such a remedy would not be compatible with the equities of the case." (Citation omitted.) *Peckheiser* v. *Tarone,* 186 Conn. 53, 60–61, 438 A.2d 1192 (1982). Although an injunction does not automatically follow from the finding of an easement, it is generally granted unless it would enact a severe hardship upon the servient property owners. See *Waterbury Trust Co.* v. *G.L.D. Realty Co.,* 124 Conn. 191, 198–99, 199 A. 106 (1938) (upholding trial court denial of injunction to enforce an easement where injunction would require defendant to tear down a building that had been unknowingly erected upon plaintiff's easement and where plaintiff suffered little if any injury from erection of the building); Dobbs, Remedies (1973) § 5.6, pp. 355–57 (damages sometimes granted in lieu of injunction where injunction would require sevient property owners to tear down buildings that were unknowingly made to interfere with easement); note, 28 A.L.R. 2d 672 (regarding mandatory injunctions to compel removal of encroachments by adjoining landowner).

it was never asserted at trial court as required by our rules of practice. Once the court stated that the general partner's testimony would be excluded because it was irrelevant on the issue of the establishment of an easement, it was incumbent upon the defendant, to preserve the claim on appeal, to point out how the testimony would be relevant to the issue of injunctive relief. Had the defendant done so, the court would have had the opportunity of correcting any error. " 'Error does not lie in the exclusion of evidence claimed on an inadmissible ground even though it might have been admissible had it been claimed on another and different ground.' " *Mays* v. *Mays,* supra, 268; *Johnson* v. *Rockaway Bus Corporation,* supra, 210. A contrary policy would allow trial court proceedings to become " 'a Kafkaesque academic test which [the trial judge] may be determined to have failed because of questions never asked of him or issues never clearly presented to him.' " *State* v. *Hansen,* 8 Conn. App. 26, 28–29, 510 A.2d 465 (1986). Accordingly, the defendant cannot prevail on this claim of error.

There is no error.

In this opinion the other judges concurred.