[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#123)
The plaintiff, Frederick Pesce, is the owner and operator of Johnnycake Airport. The defendants are the co-executors and trustees of the will of Morris Hogan who died on September 27, 1989. The plaintiff instituted this action to enjoin the defendants from disposing of land on which Johnnycake Airport runway sits. The plaintiff alleges that he has owned and operated the airport since 1955 and that for approximately thirty years he has used Hogan's land as a runway for the airport. The plaintiff further alleges that the defendants intend to dispose of Hogan's land and as a result the airport will be forced to close. The plaintiff's amended complaint filed on December 21, 1990 alleges causes of action for negligent misrepresentation, count one; fraudulent misrepresentation, count two; and prescriptive easement, count three.
The defendants have filed a motion to strike counts one, two and three of the amended complaint and the third demand for relief with respect to counts one and two. Pursuant to Conn. Practice Bk. 155, memoranda of law in support and in opposition to the motion have been filed.
A motion to strike is the proper vehicle with which to test the legal sufficiency of a complaint or any count therein. Conn. Practice Bk. 152. The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). The motion to strike, "[l]ike the demurrer, . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,109 (1985).
The defendants argue that the plaintiff may not maintain a cause CT Page 4757 of action for negligent misrepresentation in count one because the plaintiff has not alleged in count one that any of the representations complained of are false.
Negligent misrepresentation is said to have occurred when:
 [o]ne who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 217-218 (1987).
A defendant may be liable even if the misrepresentation was "innocent" if he had the means of knowing, ought to have known, or had the duty of knowing the truth. Id. at 217.
The plaintiff alleges in count one at paragraphs nine, ten and thirteen:
 9. Since the beginning of Johnnycake Airport's operation, Hogan never told Pesce to remove himself from Hogan's land, nor did Hogan tell Pesce to remove the airport operation from his land.
 10. Since the beginning of Johnnycake Airport's operation Hogan told Pesce he liked Johnnycake Airport and he wanted his land to continue to be used as an airport.
 13. The representations of Hogan were negligently and/or recklessly made to induce Pesce to rely on them thirty five (35) years. Pesce did rely on the representations and acted in accordance with these representations.
Count one does not contain an allegation that the statements made, or any of them, contained false information. Therefore, the defendants' motion to strike court one of the plaintiff's amended complaint is granted.
The defendants also move to strike count two claiming that the allegations in count two fail to set out a cause of action for fraudulent misrepresentation.
"The essential elements of an action in fraud are . . . (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." Maturo v. Gerard, 196 Conn. 584, 587
(1985). CT Page 4758
The plaintiff alleges in count two at paragraph 13 "the continuous false representations of existing facts by Hogan were fraudulently made under circumstances which entitled Pesce to rely on them. These fraudulent representations induced Pesce to rely on them for thirty-five (35) years, all to his loss and detriment."
Count two does not contain an allegation that Hogan knew the representations complained of to be untrue when he made them. Consequently, this count is legally insufficient and therefore the defendants' motion to strike is granted.
In addition, the defendants move to strike count three claiming that one cannot acquire a prescriptive easement when the use is commenced and has at all times been with the permission of the true owner. The defendants further claim that there is no allegation that the plaintiff's possession of the subject property was undertaken under a claim of right. "To acquire a right-of-way by prescription, the party claiming the right must prove a use which I open, visible, continuous and uninterrupted for fifteen years and made under a claim of right." Robert S. Weiss Co. v. Mullins, 196 Conn. 614, 618 (1985). "Whether the requirements for such a right have been met in a particular case presents a question of fact for the trier of facts." Id.
"In Connecticut, although the burden of proof is on the party claiming a prescriptive easement . . . there is no presumption of permissive use to be overcome." Reynolds v. Soffer; 190 Conn. 184, 188
(1983) (citations omitted). "All that is required is a showing by a fair preponderance of the evidence that the use was adverse." Id.
The plaintiff alleges in count three at paragraph thirteen that "Pesce has used Hogan's land as Johnnycake Airport in an open, notorious, visible, continuous and uninterrupted manner for thirty-five (35) years. Pesce has engaged the use of Hogan's land under a claim of right and continuing after the expiration of an initial lease."
The plaintiff's allegations, if proved, would state a basis for a claim of prescriptive easement and therefore the defendants' motion to strike count three of the plaintiff's amended complaint is denied.
Finally, the defendants move to strike the plaintiff's third demand for relief to the extent the relief sought is claimed with respect to counts one and two of the amended complaint. The defendants argue that the plaintiff's claims are barred by the Statute of Frauds and the Statute of Wills.
The substance of this request has been dealt with previously as counts one and two have been stricken. Accordingly, the prayers for relief should fall as well. CT Page 4759
The defendants' motion to strike is granted as to counts one and two and denied as to count three of the plaintiff's amended complaint.
SUSCO, J. CT Page 4760