[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #107
By a revised complaint dated January 27, 1993, the plaintiff, Timothy H. English, claims title to real property by virtue of adverse possession against the defendant, James St. J. Frechette.
The plaintiff alleges that he is the owner of certain real estate property situated in the Town of Clinton, Connecticut, known as 30 Old Road. The plaintiff claims that the defendant is the owner of real property situation in the Town of Clinton, Connecticut, located immediately adjacent to the southwest of the plaintiff's parcel of land. The plaintiff alleges that he and his predecessors in title for a period of time, in excess of fifteen years, have had undisturbed, open, notorious, continuous and exclusive possession of a portion of the premises owned by the defendant. The plaintiff claims exclusive possession by way of a septic system that he alleges is on a portion of the defendant's premises. The plaintiff seeks a judgment quieting title and settling title in the plaintiff.
The defendant filed a motion for summary judgment dated March 4, 1993. Accompanying the motion was a memorandum of law and an affidavit of the defendant, a copy of the defendant's request for admissions, and a copy of the deposition of the plaintiff. The plaintiff filed a memorandum of law in opposition dated April 23, 1993.
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations CT Page 6530 omitted.) Connell v. Colwell, 214 Conn. 242, 246 571 A.2d 116
(1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984).
 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book Secs. 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984) . . ." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984).
Connell v. Colwell, supra, 246-47, quoting Batick v.186 Conn. 632, 647, 443 A.2d 471 (1982).
A summary disposition "should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Citation omitted.) Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982).
"In order to establish adverse possession, the claimant must oust an owner of possession and keep such owner out uninterruptedly for fifteen years by an open, visible and exclusive possession under a claim of right with intent to use the property as his own and without the consent of the owner." (Citations omitted.) Woycik v. Woycik, 13 Conn. App. 518,520, 537 A.2d 541 (1988). When a claim of title of real property by virtue of adverse possession is made, the claimant must meet all the requirements by clear and convincing evidence. Schulz v. Syvertsen, 219 Conn. 81, 91, 591 A.2d 804 (1991). "In the final analysis, whether possession is adverse is a question of fact for the trier." (Citations omitted.) CT Page 6531 Roche v. Fairfield, 186 Conn. 490, 498-499, 442 A.2d 911
(1982).
A prescriptive easement may be obtained pursuant to General Statutes Sec. 47-37, which states:
 When acquired by adverse use. No person may acquire a right of way or any other easement from, in, upon or over the land of another, by the adverse use of enjoyment thereof, unless the use has been continued uninterrupted for fifteen years.
"To acquire a right-of-way by prescription, the party claiming the right must prove a use which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right." (Citations omitted.) Robert S. Weiss Co. v. Mullins, 196 Conn. 614, 618, 495 A.2d 1006
(1985).
Although a person claiming title by adverse possession must prove that claim by clear and convincing proof; Schulz, supra, 91, the plaintiff is not held to such a standard when he is not the party moving for summary judgment. Rather, the party seeking summary judgment has the burden of showing the nonexistence of any material fact; Connell, supra, 246, and the court must view the evidence in the light most favorable to the nonmoving party.
Whether the plaintiff's claim is pursuant to adverse possession or prescription, there are issues of material fact that remain as to whether the plaintiff's alleged use of the defendant's property was open and visible. The defendant's affidavit states that when he purchased his property he had no knowledge that the plaintiff's septic system in any was touched his property. Further, the defendant's affidavit states that having walked his property extensively and after building a home on his property, he has never seen a septic system on his property emanating from the plaintiff's property.
However, the plaintiff stated that it was visible where the septic system was because of the topography of the land and because of a ledge. In addition, the plaintiff stated that the septic system was visible because there was CT Page 6532 some seepage of effluent from the septic system. The plaintiff also claims that he mowed the area in question.
In viewing the evidence in a light most favorable to the plaintiff, the defendant has failed to carry his burden of showing the nonexistence of any material fact. The function of the trial court in summary judgment proceedings is not to decide the issues of material fact but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495,500, 538 A.2d 1031 (1988).
The motion for summary judgment is denied.
JOHN WALSH, J.
Next page is 6581 CT Page 6581