DONALD B. CRANDALL ET AL. *v.* LUCY BARKER
GOULD ET AL.
(AC 16103)

O'Connell, Foti and Lavery, Js.

Argued March 18—officially released August 12, 1997

*John C. Levanti,* for the appellants (plaintiffs).

*Edward B. O'Connell,* with whom, on the brief, was *Mary E. Driscoll,* for the appellees (defendants).

*Opinion*

FOTI, J. The plaintiffs appeal from the judgment of the trial court, rendered in accordance with the report of the attorney trial referee, determining that they did not prove their claim for an easement by prescription and, therefore, were not entitled to equitable relief. On appeal, the plaintiffs claim that the trial court improperly determined (1) that the plaintiffs were bound by the 1960 injunction issued by the Court of Common Pleas and, therefore, could not acquire an easement by prescription, (2) that the plaintiffs could not have a claim of right to establish a prescriptive easement, and (3) that a showing of irreparable harm is necessary to issue injunctive relief where the facts establish interference with the right to use a right-of-way. We reverse the judgment of the trial court.

The attorney referee found the following facts. The plaintiffs, Donald B. Crandall and Anna Crandall, own property located at 283 River Road in the town of Stonington. The defendants, Lucy Barker Gould and William

S. Keegan, own property, including a roadway,[1] that abuts the property owned by the plaintiffs.

A fence was constructed along the roadway in 1960. In 1960, in the case *Maggs* v. *Crandall*, Court of Common Pleas, Docket No. 16945 (November 22, 1960), the defendants' predecessors in title obtained a permanent injunction against Donald Crandall, a plaintiff in this action, enjoining him, his servants and agents "from interfering with the [defendants' predecessor's] use and enjoyment of said right-of-way and also from interfering with the [defendants' predecessor's] construction and maintenance of a substantial legal fence or wall."

In 1964, the plaintiffs removed a section of the fence. The plaintiffs used the front portion of the roadway to the opening of the fence as a means of gaining vehicular access to their property from River Road. More recently, disputes between the defendants and the plaintiffs have arisen over the use of the roadway. A chain link fence was erected in 1993 along the boundary line between the roadway on the defendants' property and the plaintiffs' lot.[2]

In 1993, the plaintiffs commenced this action seeking to enjoin the defendants from interfering with their use of the roadway. They claim that they have a right-of-way by prescriptive easement through use of the roadway from 1964 to 1993.

[1] The document creating this roadway refers to the way as a "private way." The private way was created by the selectmen of Stonington in 1918. The instrument provided: "The subscriber owners of property over which the foregoing private way is laid out hereby agree to claim no damage arising from the laying out of said private way as aforesaid other than the said William S. Maggs is to erect and build and at all times keep in good repair a substantial legal fence or wall."

[2] Although the attorney referee addresses in his report the issue of whether the fence constitutes a "substantial legal fence" pursuant to General Statutes § 47-43, it is not disputed on appeal. The attorney referee also determined that the erection of the fence was not the malicious erection of a structure within General Statutes §§ 52-570 and 52-480. This finding is also not relevant to the claims on appeal.

The attorney referee determined that the plaintiffs did not have a right to violate the 1960 permanent injunction order of the Court of Common Pleas. He concluded that the plaintiffs did not have a claim of right to use of the roadway and, therefore, did not establish an easement by prescription. The attorney referee also concluded that the plaintiffs were not entitled to injunctive relief.

The attorney referee supplemented his decision, granting the plaintiffs' motion to correct in part and denying it in part. He corrected a number of subordinate factual findings, but did not change his conclusions and recommendations. The trial court denied the plaintiffs' exceptions to the attorney referee's report, and rendered judgment in accordance with the report as supplemented by his decision on the plaintiffs' motion to correct. This appeal followed.

I

General Statutes § 47-37 defines an easement by prescription. It provides that "[n]o person may acquire a right of way or any other easement from, in, on or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." General Statutes § 47-37. "[A] prescriptive easement is established by proving an open, visible, continuous and uninterrupted use for fifteen years made under a claim of right." *Gioielli* v. *Mallard Cove Condominium Assn., Inc.*, 37 Conn. App. 822, 829, 658 A.2d 134 (1995). A prescriptive easement must be proved by a fair preponderance of the evidence. *Reynolds* v. *Soffer*, 190 Conn. 184, 188, 459 A.2d 1027 (1983); *Public Storage* v. *Eliot Street Ltd. Partnership*, 20 Conn. App. 380, 385, 567 A.2d 389 (1989). "Whether the requirements for such a right have been met in a particular case presents a question for the trier of facts after the nature and character of the use and the surrounding circumstances have been considered."

*Krohner* v. *Seyburt Associates Ltd. Partnership*, 20 Conn. App. 298, 301, 566 A.2d 995 (1989), cert. denied, 213 Conn. 814, 569 A.2d 550 (1990).

The attorney referee concluded that the plaintiffs did not possess an easement by prescription because they did not have a claim of right. At trial, the defendants did not contest that the plaintiffs openly, visibly and continuously used the portion of the private way that leads to their property. The defendants argued, however, that the plaintiffs did not have a valid claim of right because of the permanent injunction ordered by the Court of Common Pleas in 1960. The attorney referee concluded that the plaintiffs did not have a claim of right and, therefore, did not have an easement by prescription over the roadway. We disagree.

"There can be no claim of right unless the use is unaccompanied by any recognition of [the right of the servient tenement] to stop such use. A use by express or implied permission or license cannot ripen into an easement by prescription." (Internal quotation marks omitted.) *Westchester* v. *Greenwich*, 227 Conn. 495, 501, 629 A.2d 1084 (1993). The 1960 permanent injunction established that the roadway belonged solely to the defendants' predecessor and that the plaintiff, Donald Crandall, did not have a right-of-way over any portion of the roadway.[3] This court order, however, reinforces the fact that the defendants did not expressly or impliedly grant permission to the plaintiffs to use the roadway. The attorney referee found that disputes arose between the parties on occasion from 1964 concerning the use of roadway until the chain link fence was

---

[3] The plaintiffs first claim that the plaintiff Anna Crandall is not bound by the injunction. While the language of the 1960 order, "servants and agents," may include Anna Crandall, we need not address this claim because, as we conclude above, a determination that all the plaintiffs were bound by the injunction would not preclude a finding that they acquired an easement over the defendants' property.

erected in 1993. Contrary to the attorney referee's determination, therefore, the court order actually supports a finding of a claim of right.

The plaintiffs used the roadway without recognition of the rights of the defendants, as owners of the servient tenement, to prevent the use. Not only did the plaintiffs not have permission or a license to use the roadway, they had previously been enjoined from interfering with the fence separating the property from the roadway. Since that order, however, the plaintiffs have used the roadway in an open, visible and uninterrupted manner for more than fifteen years and under a claim of right. We conclude that the plaintiffs, therefore, have a right-of-way by prescriptive easement to use the portion of the roadway that leads to their property.

## II

The attorney referee nevertheless determined that the plaintiffs were not entitled to an injunction regardless of whether they had demonstrated an easement by prescription because the plaintiffs did not demonstrate that they were irreparably harmed and the equities did not weigh in favor of injunctive relief.

The attorney referee found that "[t]he elimination of access over the defendants' premises has not made access to the plaintiffs' property impossible or impractical. . . . The plaintiffs' property abuts River Road and the plaintiffs can attain access from River Road directly to their property. The existence of the stone wall [along River Road] does not render the property landlocked. By removal of a portion of the wall, the plaintiffs [have] clear vehicular access to [their] property."

The attorney referee's factual findings, however, do not lead to the conclusion that the plaintiffs are not irreparably harmed. A property need not be landlocked to create irreparable harm if the property owner is

"disturbed or obstructed in the exercise of his right to use [the right-of-way]." *Wambeck* v. *Lovetri*, 141 Conn. 558, 564, 107 A.2d 395 (1954) (ruling that plaintiffs not entitled to injunction because not damaged and enjoying full use of easement).[4] An injunction is the proper means of preventing interference with the dominant property owner's use of an easement, and that injunctive relief should be granted unless it would impose a severe hardship on the servient property owners. See *DiSorbo* v. *Grand Associates One Ltd. Partnership*, 8 Conn. App. 203, 208 n.4, 512 A.2d 940 (1986).

Moreover, in his report, the attorney referee determined that "even if the plaintiffs had a claim of right to an easement, it would be inequitable to grant an injunction." Yet, he improperly based this determination on the fact that the defendants were within their rights in erecting the fence and that the plaintiffs were not irreparably harmed because they have alternate access to their property. The trial court, therefore, now must determine, in light of our decision, whether the plaintiffs are entitled to the equitable relief of an injunction.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion LAVERY, J., concurred.

O'CONNELL, J., dissenting. The majority opinion goes beyond the issues raised by the plaintiffs on appeal. The plaintiffs do not argue that the trial court improperly found irreparable injury but rather contend that irreparable injury is not a requirement for entry of an injunction. The plaintiffs are wrong. It is axiomatic that

---

[4] The alternate access to the property would be relevant in establishing an easement by necessity or implication, but not an easement by prescription. See *Hollywyle Assn., Inc.* v. *Hollister*, 164 Conn. 389, 398–99, 324 A.2d 247 (1973) (necessity); *O'Brien* v. *Coburn*, 39 Conn. App. 143, 148, 664 A.2d 312 (1995) (implication).

" '[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm . . . .' "[1] *Branch* v. *Occhionero*, 239 Conn. 199, 207, 681 A.2d 306 (1996). Nowhere in their brief do the plaintiffs argue that the finding of lack of irreparable injury was based on improper evidence. This issue is raised for the first time in the majority decision. We should not decide appeals on issues not raised by the parties. See *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 97, 644 A.2d 325 (1994); *LoSacco* v. *Young*, 210 Conn. 503, 506, 555 A.2d 986 (1989).

There is no reason for us to consider the merits of the plaintiffs' claim for a prescriptive easement. The only issue before us is whether the trial court properly refused to order an injunction. "Whether the requirements for such a [prescriptive] right have been met in a particular case presents a question of fact for the trier of facts. *Robert S. Weiss & Co.* v. *Mullins*, [196 Conn. 614, 618, 495 A.2d 1006 (1985)]; *Wadsworth Realty Co.* v. *Sundberg*, [165 Conn. 457, 464, 338 A.2d 470 (1973)]. The trier's determination of facts will be disturbed only when those findings are clearly erroneous. Practice Book § [4061]; *Robert S. Weiss & Co.* v. *Mullins*, supra, 618; *Russo* v. *Terek*, 7 Conn. App. 252, 256–57, 508 A.2d 788 (1986)." (Internal quotation marks omitted.) *DiSorbo* v. *Grand Associates One Ltd. Partnership*, 8 Conn. App. 203, 206, 512 A.2d 940 (1986). In the present case, the fact finder found that there was no irreparable injury. We cannot disturb that factual finding in the absence of an abuse of discretion. Accordingly, the trial court properly refused the injunction.

*Wambeck* v. *Lovetri*, 141 Conn. 558, 564, 107 A.2d 395 (1954), relied on by the majority, is not in point. In

---

[1] This burden does not apply if the party seeks enforcement of a restrictive covenant. *Hartford Electric Light Co.* v. *Levitz*, 173 Conn. 15, 20, 376 A.2d 381 (1977). This exception is not relevant to the present case.

*Wambeck*, the plaintiff was denied an injunction because he was in fact using the right-of-way and thus could not show that his use of the easement was disturbed or obstructed. In the present case, it is undisputed that the plaintiffs' use of the easement has been disturbed and obstructed.

I agree with the majority that whether the property is landlocked is not an element of establishing a prescriptive easement. The fact that the plaintiffs' property will not be rendered landlocked, however, may appropriately be taken into consideration in determining whether a plaintiff has suffered irreparable harm.

Because the trial court here has already determined that the plaintiffs have not established irreparable harm, it is unclear to me what the trial court is expected to do in response to this court's remand for further proceedings.

Furthermore, we should not reach the issue of whether the plaintiff acted under a claim of right when their conduct was in express derogation of a court order.

For the foregoing reasons, I respectfully dissent.