[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court has studied the interim briefs of the parties.
If defendants are willing to accept $750 per month from plaintiff during the remaining pendency of the action at bar, and if defendants agree that said period of compensated time will not be characterized as a "permissive use" or an interruption in the prior usage pattern (whatever the legal character might be ultimately determined to be of said prior usage), then a temporary injunction will not properly lie and is unnecessary.
Plaintiff would not be irreparably harmed (prohibited from use of the land), in the rubric of injunction law, if a reasonably affordable continued use is not fenced off by defendants and if plaintiff is not held to having waived any right to assert a prescriptive easement by dint of financially participating in such an arrangement.
This second aspect is noted by the court because of our principle of law that "[a] use by express or implied permission or license cannot ripen into an easement by prescription."Westchester v. Greenwich, 227 Conn. 495, 501 (1993), cited, too, in Crandall v. Gould, 46 Conn. App., 164, 168 (1997).
Finally, it should be noted that monthly payments would be susceptible to recovery in damages should plaintiff ultimately prevail and an escrow for said purpose would be appropriate.
The parties are to return to court on January 12, 1998, at 2 p. m., in order that it may be determined whether defendants agree to the two caveats expressed herein beyond the monthly payment.
Nadeau, J. CT Page 13178