[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the Court upon the Plaintiff's Complaint seeking a prescriptive easement. Although the original and a subsequent Revised Complaint in this matter sounded in two Counts, the Plaintiff has withdrawn Count One and has elected to proceed only upon Count Two of the said Revised Complaint dated June 23, 1998 seeking an easement by prescription.
In its Complaint, the Plaintiff, Hoffman Fuel, asserts that it has obtained a prescriptive easement by virtue of the fact that its use of certain real property has been open and visible, continuous and uninterrupted for more than fifteen years under a claim of right.
By Answer dated August 11, 1998, the Defendants assert a Special Defense that Hoffman Fuel leased the certain real property in issue from 1975 to 1996 and that, as a result thereof, Hoffman Fuel's use of the said certain real property was with the Defendants' permission and consent. The Plaintiff, Hoffman Fuel, has denied said allegations in its Reply to Special Defenses, filed with the Court on August 31, 1998.
The matter was tried to the Court (Carroll, J.) on June 29, 2000. Post-trial briefs were thereafter filed by the Plaintiff on July 13, 2000 and by the Defendant on July 18, 2000. Because of the briefing schedule agreed to by the parties, by stipulation before the Court, the parties waived the applicability of Section 51-183b of the Connecticut General Statutes.
After consideration of all of the evidence that has been submitted in this matter and after careful assessment of the credibility of all of the witnesses who have testified in this matter, the Court finds the following facts:
a. On May 4, 1948, Frank and Marguerite Genovese, owners of real property known as 170 and 172 White Street, Danbury, Connecticut, sold the 170 White Street real property to Walter and Charlotte Werner. Charlotte Werner was a sister of the Hoffman brothers who started a business known CT Page 13604 as "Hoffman Fuel." Subsequent thereto, Mr. Werner utilized the 170 White Street property as the location for Hoffman Fuel's Danbury facility.
b. In connection with their sale of the 170 White Street real property to the Werners, Mr. and Mrs. Genovese reserved an easement over a portion of 170 White Street for purposes of ingress to and egress from 172 White Street. The term of said easement was for the their (the Werners') lifetimes or for the balance of their ownership of the 172 White Street real property which they had retained.
c. The deed of conveyance from the Genoveses to the Werners did not convey to the Werners any right to use any property that the Genoveses retained. Hoffman Fuel used a driveway that ran along the property boundary between 170 and 172 White Street as its own means of ingress and egress to the 170 White Street real property.
d. The plaintiff herein, Hoffman Fuel Company of Danbury ("Hoffman Fuel"), is a successor in interest to the Werner deed and the named defendants herein are successors in interest to the Genovese deed.
e. The specific property of the defendants over which Hoffman Fuel claims a prescriptive easement is that portion of the Hoffman Fuel driveway that is encroaching into the 172 White Street property as is set forth with more particularity in Plaintiff's Trial Exhibit #8, the CCA, LLC Survey, dated August 24, 1999. The said driveway is located on the Easterly side of the 170 White Street property extending 42.7 feet Southerly from the South line of White Street and then extending Easterly onto the 172 White Street property at varying widths to a maximum encroachment of 12 feet 3 inches.
f. Hoffman Fuel has used its driveway, including the encroaching portion thereof openly and continuously since at least 1955 for regular private vehicular traffic consisting of trucks, vans, delivery trucks and tractor-trailers.
g. Hoffman Fuel has operated its fuel business at 170 White Street and has, for more than fifteen years, used the disputed encroachment area of the real property as part of its driveway. The said driveway provides Hoffman Fuel's trucks with their sole means of ingress and egress to and from Hoffman Fuel's fuel depot. Trucks delivering fuel to Hoffman Fuel (for more than fifteen years and continuing to this date) drive east on White Street toward Hoffman Fuel's property and turn right into Hoffman Fuel's driveway. During the winter season, there are on average 7-15
tractor-trailers passing over the disputed property to deliver fuel into Hoffman Fuel's storage tank. CT Page 13605
h. The undisputed evidence at trial discloses, and the Court so finds, that Hoffman Fuel has continuously used the disputed property as part of its own private driveway. Hoffman Fuel has used the property in dispute as if it were Hoffman Fuel's own property. Hoffman Fuel has paved, repaired, plowed and repaved the property. At no time did Hoffman Fuel seek or receive permission from the defendants to do so.
i. Hoffman Fuel has painted the surface of the disputed parcel in such a way as to deter persons from parking vehicles on the disputed parcel. Hoffman Fuel painted or at its direction had yellow lines painted on the pavement over the disputed property to establish a no parking zone thereon.
j. Hoffman Fuel acted as if it had a right to use the driveway encroachment area and treated such property as if it were its own.
k. A survey dated October 6, 1975 prepared by defendants prior to their October 30, 1975 acquisition of the 172 White Street property shows Hoffman Fuel's driveway encroachment on the 172 White Street property. By the time the defendants purchased 172 White Street, the Plaintiff, Hoffman Fuel, had already been continuously using the driveway encroachment without interruption for more than fifteen years.
l. As regards the Defendants' special defense asserting that there existed a certain lease between the parties which such lease included the disputed encroachment property, this Court is unpersuaded. The defendants have failed to substantiate such claims at trial with any credible evidence. The subject lease about which the Court received evidence at trial was a sublease for a garage and parking area at the rear of the defendants' property. Said lease did not include by its terms, the driveway encroachment area or what the defendants have referred to as the "enlarged encroachment area." Rather, said lease merely included "8750 square feet, located at the rear of a parcel of land referred to in the Overlease."
m. Hoffman Fuel never leased the driveway encroachment, never sought permission to use it and never received permission to use it. Hoffman Fuel simply used the driveway encroachment as its own.
n. Further buttressing the Plaintiff's position in this matter is Plaintiff's Trial Exhibit #4, a certain letter dated September 25, 1996, wherein Michael A. Elliott, acting as a representative of the Defendants, advised Hoffman Fuel that the defendants "had a survey completed and, to my surprise, the survey shows pavement and fence encroachment by Hoffman along the northwest side of our property." The Court finds that until said survey was completed, the Defendant's did not CT Page 13606 know, and certainly did not permit by lease, sublease or otherwise, Hoffman Fuel's use of the disputed driveway encroachment area.
To acquire a prescriptive easement or right of way by prescription in Connecticut, a party must prove, by a preponderance of the evidence, that its use of the defendant's property was open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. RobertWeiss Co. v. Mullins, 196 Conn. 614, 618, 495 A.2d 1006 (1985) and see C.G.S. § 47-37;.
This Court has found that Hoffman Fuel has used the disputed driveway encroachment property in an open, visible, continuous and uninterrupted manner for more than fifteen years. Since at least 1955, Hoffman Fuel has extensively used its driveway, including the disputed parcel, as its only means of ingress to and egress from its property for trucks which transport fuel oil to the fuel depot on Hoffman's property and from the Hoffman's depot to residential and business customers.
The evidence disclosed, and the Court finds, that Hoffman Fuel's use of the disputed property has been open, visible, continuous and uninterrupted for far longer than the required fifteen years to establish a prescriptive easement. Said use existed and continued well before the defendants' October 30, 1975 purchase of the 172 White Street parcel.
Hoffman Fuel's use and treatment of the subject property since at least 1955 meets the required elements for a prescriptive easement. By 1970, Hoffman Fuel had established for itself a prescriptive easement to the disputed parcel.
The Defendants' Special Defense that Hoffman Fuel's use of the property was a "permissive use" by virtue of the existence of a certain lease or sublease is unavailing. Such claim was not substantiated by any credible evidence at trial. The evidence discloses and the Court so finds that Hoffman Fuel and its predecessor has been using the disputed driveway parcel for the same purpose since 1955. The defendants in the instant matter did not even acquire title to 172 White Street until October 30, 1975, some twenty years after the Plaintiff's had commenced their usage of the disputed driveway parcel.
The evidence at trial further disclosed, and the Court so finds, that in 1970, the then owner of the 172 White Street property, Mrs. Genovese, leased the property to a restaurant concern known as "Sizzlebörd." Thereafter, in 1971, Sizzlebörd subleased a portion of the 172 White Street property, consisting of a garage and parking area at the rear of the property leased by Sizzlebörd, to Hoffman Fuel. There is no evidence in any of the documentation regarding the said sublease that the CT Page 13607 disputed driveway encroachment area was included in or as part of that sublease. The subleased property consisted only of an 8,750 square feet portion of the leased Sizzlebörd property that is "located at the rear" of the leased Sizzlebörd property. A site plan that was referenced in and made a part of the sublease shows, and the Court finds, that the sublease did not encompass the disputed driveway encroachment property. Rather it was limited to the 8,750 square feet portion of the leased Sizzlebörd property that is "located at the rear" of the leased Sizzlebörd property.
Any claim by the defendants that Hoffman Fuel's use of the driveway encroachment was not "adverse" to the defendants because, in 1975 or 1976, the defendants "permitted" such use, was not supported or proven by credible evidence. The evidence at trial disclosed, and the Court so finds, that Hoffman Fuel used a driveway on a portion of real property owned by the defendants and their predecessor, an adjacent property owner; Hoffman Fuel, its suppliers and its vendors traveled over the defendant's property in the disputed driveway encroachment area and resurfaced said area at Hoffman's own expense; Hoffman Fuel never requested nor received permission to use the driveway over defendant's property nor did anyone order them to cease their use before the expiration of fifteen years of such continuous, uninterrupted use; and at no time was Hoffman Fuel served with the statutory notice for disputing easements as set forth in C.G.S. § 47-38.
In the matter of Disorbo v. Grand Associates, 8 Conn. App. 203,512 A.2d 940 (1986), the Court held:
 To establish a `claim of right,' it is not necessary that a claim be actually made and brought to the attention of the owner in fee. Robert S. Weiss Co. v. Mullins, supra, 619; Phillips v. Bonadies, 105 Conn. 722, 726, 136 A. 684 (1927).
 In the present case, the plaintiff's husband testified that he used the driveway and crossover whenever he wanted to and that he never sought permission to use the driveway. The plaintiff offered similar testimony. Where, as here, there is neither proof of express permission of the landowner, nor proof of an express claim of right by the person using the way, the character of the use, whether adverse or permissive, is to be determined as an inference from the circumstances of the parties and the nature and character of the use. Putnam, Coffin Burr, Inc. v. Halpern, supra, 516; Phillips v. Bonadies, supra, CT Page 13608 727. "`Whether the requirements for such a right have been met in a particular case presents a question of fact for the trier of facts.' "Robert S. Weiss Co. v. Mullins, supra, 618
The foregoing are the criteria which this Court has considered in concluding that Hoffman Fuel's use of the disputed driveway encroachment area was "adverse" to the defendants.
Aware of the cases that hold that "A use by express or implied permission or license cannot ripen into an easement by prescription,"Sachs v. Toquet, 121 Conn. 60, 66 (1936); Klar Crest Realty, Inc. v.Rajon Realty Corporation, 190 Conn. 163, 168 (1983), it is specifically noted and the Court specifically finds, that Hoffman Fuel never leased or subleased the driveway encroachment area from the defendants or their predecessors nor did Hoffman Fuel seek or obtain from the defendants or their predecessors any express permission to use the driveway encroachment area, nor is there any evidence to support a claim that the defendants or their predecessors impliedly permitted Hoffman Fuel to use the driveway encroachment area or what the defendants have referred to as the "enlarged encroachment area."
In accordance with the foregoing findings, this court concludes that the plaintiff has established, by a fair preponderance of the evidence, that it has acquired an easement by prescription to use what has been referred to herein as the driveway encroachment area of the defendants' real property located at 172 White Street in Danbury, Connecticut.
Accordingly, judgment may enter granting the Plaintiff a prescriptive easement over the defendants' land, referred to herein as the driveway encroachment area, as is shown with particularity in the CCA, LLC Surveys (Plaintiff's Trial Exhibit #8). The Court further enters a permanent injunction restraining the defendants from continuing to close, barricade, fence off, obstruct, or otherwise interfere with the foregoing easement and from in any manner interfering with or attempting to prevent Hoffman Fuel, its invitees, licensees, successors and assigns from passing over or using the said easement.
Counsel for the Plaintiff is ordered to prepare an appropriate order with a survey, site plan or map attached thereto, setting forth the easement referred to herein, in recordable form, for execution by the Court.
With respect to the Plaintiff's claim for damages, in earlier proceedings in this matter, Hoffman Fuel applied to the Court for a temporary injunction. Following a hearing on Hoffman Fuel's application CT Page 13609 for a temporary injunction, the Court (Nadeau, J.), issued a Memorandum of Decision, in which it fashioned a temporary remedy under which the Plaintiff would continue to use the disputed real property and for which continued use, the Defendants would receive a payment in the amount of $750 per month from the Plaintiff.
In his Memorandum of Decision, the Judge Nadeau stated that "if the defendants are willing to accept $750 per month from plaintiff during the remaining pendency of the action at bar . . . then a temporary injunction will not properly lie and is unnecessary." Judge Nadeau also noted that "monthly payments would be susceptible to recovery in damages should plaintiff ultimately prevail" in this action.
The Plaintiff asserts that on March 2, 1998, the foregoing temporary remedy was modified to provide that if Hoffman Fuel prevailed at trial, then all such payments made by Hoffman Fuel would be would be returned to Hoffman Fuel without interest. To support its contention in this regard, the Plaintiff has referred the Court to Page 54 of the transcript of the proceedings before the Court on March 2, 1998.
Having prevailed on its claim for a prescriptive easement, Hoffman claims in its post-trial brief that it is entitled to recover the monthly payments it has made to the Defendants during the pendency of this litigation commencing as of April 1998.
The Defendants claim, however, that there is no basis for awarding the plaintiff any damages. Even if the Court determines that the plaintiff has satisfied the requirements for a prescriptive easement, argues the Defendant, the plaintiff offered absolutely no evidence to support any award for money damages. No witness testified that the plaintiff paid or the defendants received any payments of any kind.
This Court has reviewed Judge Nadeau's December 19, 1997 order (#105) and notes that in said order Judge Nadeau stated "that monthly payments would be susceptible to a recovery in damages," not that these payments are to be automatically refundable to the plaintiff if it prevails.
The Court has further reviewed Page 54 of the transcript of the proceedings before the Court on March 2, 1998. Although the Plaintiff asserts that Judge Nadeau, on March 2, 1998, modified his December 19, 1997 order to provide that if Hoffman Fuel prevailed at trial, then all such payments made by Hoffman Fuel would be would be returned to Hoffman Fuel without interest, this Court notes that it has so reviewed Page 54 of said transcript and can point to nothing therein that so modifies the December 19, 1997 order. CT Page 13610
The Defendants correctly note that during the trial, the plaintiff had the opportunity to offer testimony and evidence to show that it actually made the monthly payments it now seeks to recover from the defendants. However, the plaintiff failed to offer any evidence to support its claim for damages during the trial.
Argument made by counsel is not a substitute for evidence. By failing to present any evidence or testimony regarding the amount of payments it now seeks to recover, the plaintiff cannot prevail on such claim. There is no basis in the record upon which this court could enter a finding that any such payments had been made nor is there any basis upon which the court could make a finding as to the amount of any such payments. This Court is accordingly unable to award any money damages to the plaintiff.
Judgment may enter accordingly.
BY THE COURT
CARROLL, J.