Curtis SHIPP et ux., Appellants,

v.

LOUISVILLE AND JEFFERSON COUNTY AIR BOARD et al., Appellees.

Court of Appeals of Kentucky.

June 7, 1968.

Rehearing Denied Oct. 18, 1968.

Donald R. Pierce, Louisville, for appellants.

James W. Stites, T. Kennedy Helm, Jr., Louisville, for appellees.

EDWARD P. HILL, Judge.

The appeal seeks to upset a judgment authorizing appellees to remove the tops of two oak trees standing on appellants' residential property, which appellees claim violate rules and regulations promulgated by the Kentucky Airport Zoning Commission (hereafter K.A.Z.C.) and constitute a hazard to the safe and modern operation of Standiford Field in Jefferson County, Kentucky.

This action was commenced by K.A.Z.C. under KRS 183.873; subsequently, Louisville and Jefferson County Air Board (hereafter Air Board) was allowed to intervene. The action as dismissed as to K.A.Z.C., and its complaint is not in this record. Apparently the trial court held that K.A.Z.C. could not maintain its suit for the reason that its proper remedy was to condemn the trees pursuant to the provisions of KRS 183.872.

The trial court decided that the Air Board had made a more substantial claim and that it has a "prescriptive right" to the public, unobstructed use of the stratum of airspace over appellants' property for the purpose of the landing and the take-off of aircraft from its airfield, including the space in which its VASI equipment operates.[1]

---

1. This equipment projects three color bars or layers of light for some distance from runways used by landing aircraft. While landing, the pilot endeavors to keep with-

The case was tried on an agreed stipulation of fact from which we find that one of the trees is 50.9 feet tall; that the other is 39.7 feet tall; that pin oak trees grow at the rate of "one or one and one-half feet per year in Kentucky"; that appellants purchased their property in 1963. Obviously the trees were more than twenty feet high when appellants purchased their property.

The judgment appealed from ordered that appellants allow appellees to enter upon their land and top the trees so that the stubs shall not exceed 20 feet in height from the ground. Bond was required of appellees to protect appellants from any consequential injury or damage to the remainder of their property, but not for any damage resulting from the loss of parts of the trees.

It is conceded that appellees have a right under KRS 183.133 to condemn the obstructing trees as did K.A.Z.C. under KRS 183.872, but this is not a condemnation proceeding. Appellees contend that "if the Air Board, after 25 years of operation, must condemn every tree that grows up into the approach zone, an impossible burden is placed on its shoulders." True since 1942, this airfield has been operated either by the Air Board or by the Federal Government as stipulated.

Appellants contend the law does not authorize prescriptive air easements; that if the court should find such an easement does exist, it should be limited by its actual use and exercise over the last fifteen years and cannot be enlarged upon or expanded for an entirely new purpose; and that the judgment of the trial court amounts to a taking of their property in violation of the State and the Federal Constitutions.

Appellees contend that they have acquired, on behalf of the public, a prescriptive right to a "clear zone" approach to runway 19 at an angle or glide path of one foot rise or fall for each fifty-foot distance, depending upon whether there is a landing or a take-off; that its right arose in 1956, fifteen years after the field went into operation; and that the Air Board has the right and the duty to remove obstructions from the "clear zone" existing since 1956.

The trial court adjudged that appellees have a "prescriptive right to the public, unobstructed use of the lower stratum of airspace" over appellants' property.

Congress exercised its constitutional power to regulate interstate air commerce by providing in 49 U.S.C. § 1304 that there be "public right of transit through navigable airspace of the United States"; and then defined "navigable airspace" in 49 U.S.C. § 1301(24) as:

"[The] airspace above the minimum altitude of flight prescribed by regulations issued under this chapter, and shall include airspace needed to insure safety in take-off and landing of aircraft."

This airspace has been held to be within the public domain. Cf. City of Newark, New Jersey v. Eastern Airlines, D.C.(N.J.), 159 F.Supp. 750 (1958).

██ It is concluded that the Air Board has a right to "airspace above the minimum altitude of flight prescribed by reasonable" regulations issued under 49 U.S.C. § 1301 (24), which "shall include airspace needed to insure safety in take-off and landing of aircraft."[2] Obviously this "airspace" would include the space into which VASI equipment operates. This right is one derived from an act of Congress in its exercise of police powers and the regulation of

---

in the middle color bar. If he flies into either of the other color bars, he is too high or too low for instrument landing and can correct his course accordingly. Any obstruction in the path of the space covered by these color bars that extends more than twenty-five feet high will interfere with the desired performance of

the VASI equipment. It is claimed that the Federal Aviation Administration will not permit the use of this equipment until the trees are cut low enough to allow the light to pass.

2. Strother v. Pacific Gas & Electric Co., 94 Cal.App.2d 525, 211 P.2d 624 (1949).

interstate commerce by air. After the adoption of the rules and regulations under 49 U.S.C. § 1301(24), no property owner in the path of the rays of the VASI equipment may erect or allow to grow any structure or tree so as to interfere with the operation of such equipment.

■ The Air Board has no prescriptive right for the simple reason it has not exercised adverse rights in the space involved for fifteen years; however, it appears that in the instant case, the trees had exceeded the 20-foot elevation objected to before the commencement of the use of VASI equipment and before the adoption of rules and regulations applying thereto.

■ Appellants' right to maintain and enjoy their trees was acquired before the right of the Air Board was fixed by law. Although appellants' right was not in conformity with the zoning rules of K.A.Z.C., nevertheless, such right is protected by the Constitution and may not be taken except by condemnation under KRS 183.133 (4) and (5).

The judgment is reversed.

All concur.