**UNITED STATES of America, Plaintiff-Appellee,**

v.

**CITY OF NEW HAVEN et al., Defendants-Appellants.**

No. 1096, Dockets 71–1669, MR 4801.

United States Court of Appeals, Second Circuit.

Argued Aug. 12, 1971.

Decided Aug. 31, 1971.

David J. Anderson, Walter H. Fleischer, Harland F. Leathers, Attys., Dept. of Justice, Washington, D. C., Stewart H. Jones, U. S. Atty., L. Patrick Gray, III, Asst. Atty. Gen., for plaintiff-appellee.

Roger J. Frechette, Asst. Corp. Counsel, for defendant-appellant City of New Haven.

Anthony V. DeMayo, New Haven, Conn., for Jeremiah Camarota, Jr., Michael A. Criscuolo, Alphonse J. Funaro, Alphonse G. Guidone, Jr. and Michael L. Luchetti, and Town of East Haven.

Before FEINBERG and MULLIGAN, Circuit Judges.*

MULLIGAN, Circuit Judge:

This is an appeal from an order of the United States District Court for the District of Connecticut, Thomas F. Murphy, J.,[1] granting plaintiffs' motion for

---

* Judge Timbers, C. J., heard oral argument but later disqualified himself and did not participate in the decision of this court.

1. Senior judge of the Southern District of New York, sitting by designation.

a preliminary injunction restraining the defendants from enforcing state court orders to the extent that they purported to regulate the flight of aircraft in interstate commerce through navigable air space and to close a portion of the North/South runway at Tweed-New Haven airport. The order also required defendant town of East Haven and the defendant individual residents of said town within ten days to move the Superior Court of Connecticut to dissolve orders purporting to restrain the full use of the runway in question. The preliminary injunction has been stayed by this court pending appeal. We hereby dissolve the stay of this court and affirm the preliminary injunction of the court below *pendente lite*.

The action in the district court is an outgrowth of bitterly contested litigation in the state courts of Connecticut between the town of East Haven and individual property owners who reside there on the one side and the city of New Haven which operates the Tweed-New Haven Airport on the other. In 1967 and 1969 New Haven and the Federal Aviation Administration entered into agreements which committed the United States to the extent of more than $750,000 to an extension of the runway in question from 4,771 feet to 5,600 feet thus facilitating the use of jet aircraft. New Haven was committed by the agreement to the operation of the airport for the public benefit and to keep it open to all types of aircraft. Although all of the extended runway was physically in New Haven, the city purchased some 73 acres in East Haven for use as a "clear zone." In June, 1970 the Supreme Court of Connecticut in Town of East Haven, et al. v. City of New Haven, et al., 159 Conn. 453, 271 A.2d 110 (1970), held that this land acquisition violated Conn.Gen.Stat.Rev.C. 266, § 15–79 which mandated the approval of the town of East Haven before property in its limits could be purchased for airport establishment or expansion. New Haven admittedly had not obtained such approval. The Connecticut court held that New Haven was bound to obtain this approval whether the airport expansion took the form of actual physical runway acquisition or the maintenance of clear zones over East Haven property. The Connecticut court then ordered the city of New Haven, under penalty of $1,000 per day, to cease operating the North/South runway at the expanded length thus prohibiting overflying the area of East Haven which it held had been illegally acquired.

■ The matter to be litigated below represents basically a conflict between the Connecticut court interpretation that its statute governs the acquisition of clear zones thus controlling overflights in East Haven and the position of the United States that the clear zones embrace navigable air space which are within the sole jurisdiction of the federal government. Under the Federal Aviation Act of 1958 (49 U.S.C. § 1301 et seq. as amended) the United States has asserted that it possesses and exercises "complete and exclusive national sovereignty in the airspace of the United States." 49 U.S.C. § 1508(a). It defines navigable air space to include "airspace needed to insure safety in the takeoff and landing of aircraft." 49 U.S.C. § 1301(24). State legislation purporting to deny access to navigable air space would therefore constitute a forbidden exertion of the power which the federal government has asserted. American Airlines, Inc. v. Town of Hempstead, 272 F.Supp. 226 (E.D.N.Y.1967), aff'd, 398 F.2d 369 (2d Cir. 1968), cert. denied, 393 U.S. 1017, 89 S.Ct. 620, 21 L.Ed.2d 561 (1969).

■ It is well established that "The granting of a preliminary injunction pending final hearing is within the sound discretion of the trial court, and such an order will be reversed only upon a showing of abuse of that discretion or a violation of some rule of equity." Safeway Stores, Inc. v. Safeway Properties, Inc., 307 F.2d 495, 500 (2d Cir. 1962). We find no such abuse of discretion. In the case of a clash between

federal legislation and state orders in the area of air commerce, it is clear that under the doctrine of federal supremacy (U.S.Const. art. 6, cl. 2), and the commerce clause (U.S.Const. art. 1, § 8, cl. 2) Judge Murphy's finding of probable success on the part of plaintiffs is reasonable and is not an abuse of discretion.

In balancing the equities it is clear that the interference created by the state court's order closing a part of the runway and thus halting jet service constitutes an irreparable public injury and interference with the commercial use of navigable air space. With respect to the equities of the individual plaintiffs it should be noted that some of them at least have already succeeded in establishing their right to recover damages for the taking of an easement by reason of overflights in air space above their property. Town of East Haven, et al. v. Eastern Airlines, Inc., 331 F.Supp. 16 (D.Conn., 1971). Appellants have failed to establish any laches or unclean hands on the part of the plaintiffs. We find no abuse of any equitable principles in the granting of the preliminary injunction.

Affirmed.