**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**CITY OF NEW HAVEN et al., Defendants-Appellees,**

**and**

**Town of East Haven et al., Defendants-Appellants.**

**No. 292, Docket 73–1897.**

United States Court of Appeals, Second Circuit.

Argued Dec. 3, 1973.

Decided May 2, 1974.

Stephen F. Eilperin, Atty., Dept. of Justice, Washington, D. C. (Irving Jaffe, Acting Asst. Atty. Gen., Stewart H. Jones, U. S. Atty., Walter H. Fleischer, Atty., Dept. of Justice, Washington, D. C. on the brief), for plaintiff-appellee.

Roger J. Frechette, New Haven, Conn., for defendants-appellees.

Anthony V. DeMayo, New Haven, Conn. (Cohen, DeMayo & Acampora, New Haven, Conn., on the brief), for defendants-Appellants.

Before WATERMAN and FEINBERG, Circuit Judges, and GURFEIN, District Judge.*

WATERMAN, Circuit Judge:

This is an appeal from a judgment of the U. S. District Court of Connecticut, Chief Judge M. Joseph Blumenfeld presiding, in which summary judgment was granted in favor of the United States and the court made permanent a preliminary injunction that the court had previously granted. The court's opinion is reported at 367 F.Supp. 1338 (D.C. Conn.1973). We affirm this judgment and injunction order entered below.

The preliminary injunction restrained enforcement of two Connecticut state court orders to the extent that they purported to regulate the flight of aircraft in interstate commerce through navigable airspace and purported to close a portion of the North/South runway at Tweed New Haven Airport. We affirmed the granting of the preliminary injunction in United States v. City of New Haven, 447 F.2d 972 (2d Cir. 1971) and, thereafter, Judge Blumenfeld granted the government's motion for summary judgment and entered an order making the temporary injunction permanent. This appeal by the Town of East Haven and some of its residents followed.

The City of New Haven, in order to extend a runway at Tweed New Haven Airport, a public airport, worked out an agreement with the Federal Aviation Administration for a partial federal funding of the project. The runway was extended entirely within the New Haven city limits. However, New Haven acquired additional land in the Town of East Haven to establish a "clear zone" at the end of the runway. Thereafter, the Town of East Haven sued the City of New Haven in the state courts of Connecticut claiming that New Haven failed to obtain before acquiring the land from East Haven the proper approval required by Conn.Gen.Stat.Rev. Chapter 266 § 15–79.[1] The Connecticut Superior Court found a violation of the statute and issued an injunction restraining New Haven "from performing any acts calculated to expand its airport into, on, or over any portion of East Haven for which expansion permission has not been obtained from said Town, whether such expansion takes the form of physical expansion or the mere maintenance of clear zones over property located in East Haven." The Connecticut Supreme Court affirmed the lower court in Town of East Haven et al. v. City of New Haven et al., 159 Conn. 453, 271 A. 2d 110 (1970). As New Haven contin-

---

* Of the U. S. District Court for the Southern District of New York, sitting by designation.

1. Now Chapter 242 § 13b–43.

ued to operate the extended runway, the Superior Court issued a contempt order against New Haven. New Haven then closed the runway. Thereafter the action that is now before us was commenced by the United States seeking to reopen the closed runway and to enjoin the enforcement of the state court orders.

In his exhaustive opinion below, Chief Judge Blumenfeld viewed the issue as one of possible interference by the state with federal regulation of "navigable airspace." He did not rule on the legality of New Haven's acquisition of the land in East Haven or on the constitutionality of the Connecticut statute. He wrote:

> . . . the legality under state law of New Haven's acquisition of the clear zone area is entirely separate from the question of the power of the state court to enjoin airport operations, whose regulation Congress has entirely preempted. 367 F.Supp. 1338 at 1341.

There is extensive federal regulation of air traffic. The Federal Aviation Act of 1958, 49 U.S.C. § 1301 et seq., and the Airport and Airway Development Act of 1970, 49 U.S.C. § 1701 et seq., are two of the more important examples of federal legislation in this area. The breadth of Congressional preemption in the regulation of navigable airspace as defined by 49 U.S.C. § 1301(24) [2] has been discussed fully in several cases. See American Airlines v. Town of Hempstead, 272 F.Supp. 226 (E.D.N.Y.1967), affirmed, 398 F.2d 369 (2d Cir. 1968), cert. denied, 393 U.S. 1017, 89 S.Ct. 620, 21 L.Ed.2d 561 (1969); American Airlines v. City of Audobon Park, 297 F.Supp. 207 (W.D. Ky.1968), affirmed per curiam, 407 F.2d 1306 (6th Cir. 1969). See also Alleghe-

ny Airlines v. Village of Cedarhurst, 238 F.2d 812 (2d Cir. 1956).

█ It is quite evident, as Chief Judge Blumenfeld found, that the airspace above the East Haven land acquired by New Haven is within the meaning of "clear zone" as defined by 14 C.F.R. 151.9(b). The clear zones, as part of the navigable airspace, are subject to federal regulation, and the orders of the Connecticut courts infringed upon the federal power. Chief Judge Blumenfeld wrote:

> Thus, the order of the New Haven Superior Court was directed to and conflicted squarely with the regulation of navigable airspace which Congress has reserved for exclusive federal control. To the extent that it prevents aircraft from using navigable airspace it is unenforceable under the supremacy clause and may properly be enjoined by a federal court, despite the broad sweep of the anti-injunction statute, 28 U.S.C. § 2283. 367 F.Supp. 1338 at 1341.

In our prior opinion affirming the granting of the district court's preliminary injunction, we did not have to reach the merits of the issue decided thereafter and which are now before us. Nevertheless, we did then discuss the issues now before us in this litigation. Judge Mulligan wrote:

> State legislation purporting to deny access to navigable air space would therefore constitute a forbidden exertion of the power which the federal government has asserted. 447 F.2d 972 at 973.

Thus, East Haven cannot enforce its rights under Connecticut law by obtaining a state court injunction which infringes on federal regulation of navigable airspace.[3]

---

2. 49 U.S.C. § 1301(24).

"Navigable airspace" means airspace above the minimum altitudes of flight prescribed by regulations issued under this chapter, and

shall include airspace needed to insure safety in take-off and landing of aircraft.

3. This decision does not in any way preclude East Haven from seeking other remedies

■ The Town of East Haven also argues on appeal that summary judgment should not have been granted because New Haven misrepresented material facts in its application to the Federal Aviation Administration and the FAA did not follow its own regulation in working out the arrangement for the expansion of the airport. Chief Judge Blumenfeld found this claim to be without merit for a number of reasons. The regulation, 14 C.F.R. § 151.26(b), cited by the Town of East Haven as not having been complied with did not become effective until after the grant application was submitted by New Haven and ". . . the alleged failure to follow federal regulations was not the basis of the state court injunction which is the subject of the present action." 367 F. Supp. 1338 at 1342.[4]

■ On a separate motion calendar, New Haven moved to dismiss the appeal by East Haven. New Haven claimed that East Haven failed to furnish it copies of documents and thus violated Rule 25 of the Rules of Appellate Procedure. New Haven also maintains that East Haven did not follow the requirements of Fed.R.Civ.P. 56(e) in that it did not file affidavits in opposition to the government's motion for summary judgment, and further claims that the appeal is itself frivolous. East Haven on its part moved to strike New Haven's motion to dismiss on the ground that New Haven was not a party to the appeal and lacked standing to make its motion to dismiss. We deny both motions.

Affirmed.

that do not conflict with the Supremacy Clause. "Federal preemption does not wash away all rights under state law; it merely requires that the remedy employed to enforce those rights not encroach upon the areas regulated by federal law." 367 F. Supp. 1338 at 1341.

4. East Haven also argues that summary judgment should not have been granted because it had not been given the opportunity to exhaust its rights of discovery. However, the requested discovery would appear to involve the subject matter of New Haven's application to the FAA and FAA procedures. These were not, as pointed out above, in issue in the present case when it was before the state courts.