[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 27, 1995, the plaintiffs, Roger Strollo, Joyce Strollo and Suzanne L. Costa, filed an application for a temporary injunction and a complaint against the defendants, Denise Reardon Tice, David Tice, Dennis Tice, Richard Rice and Morris H. Buck, Jr. The plaintiffs in their application for a temporary injunction seek to enjoin the defendants from obstructing the plaintiffs' use of CT Page 9009 Bird Lane, a private passway, as a means of ingress and egress to the plaintiffs' property.
The facts alleged in the complaint, upon which the application for a temporary injunction is based, are as follows.
The plaintiffs, Roger Strollo and Joyce Strollo, are owners of a parcel of real property located in Cheshire, Connecticut. This parcel abuts a private road known as Bird Lane which currently is the only means of ingress and egress to the plaintiffs' property. Plaintiffs' property which has been designated as farm land is being used by the plaintiffs as a tree farm.
The defendants own various other pieces of property also abutting Bird Lane. The defendants all claim that they have a right to use Bird Lane[1] in order to access their respective properties. Furthermore, the defendants, on various occasions, prohibited and/or obstructed the plaintiffs' access to and from their property claiming that plaintiffs did not have a right to use Bird Lane. Plaintiffs have thus brought the following application for a temporary injunction in order to enjoin the defendants from obstructing their access to Bird Lane.
On February 27, 1995, the court commenced an evidentiary hearing on the matter. On June 20, 1995, the defendants filed a memorandum in opposition to the application for a temporary injunction. On June 23, 1995, the plaintiffs filed a brief in support of their application for a temporary injunction.
The purpose of a temporary injunction is "to preserve the status quo until the rights of the parties can be determined after a full hearing on the merits. . . ." Griffin Hospital v. Commissionon Hospitals Health Care, 196 Conn. 451, 457, 493 A.2d 229
(1985). The status quo is defined as "the last actual, peaceable, noncontested status which preceded the pending controversy." 42 Am.Jur.2d, Injunctions § 13 (1969).
"It is clear that the power of equity to grant injunctive relief may be exercised only under demanding circumstances." (Internal quotation marks omitted.) Anderson v. Latimer PointManagement Corp., 208 Conn. 256, 262, 545 A.2d 525 (1988). "A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." (Internal quotation marks omitted.) Walton v. New Hartford,223 Conn. 155, 165, 612 A.2d 1153 (1992). In specifically addressing CT Page 9010 the standard for granting a temporary injunction, the court has stated that "it is the plaintiff's burden under Connecticut law to satisfy the court that: 1) They possess protectable interests which are at stake; 2) They will prevail after a hearing on the merits for a permanent injunction; 3) A denial of the temporary relief will cause them greater harm than will be suffered by the defendant. . . .; 4) They will suffer immediate, substantial and irreparable injury and lack an adequate remedy at law." Soderbloomv. Yale University, 5 Conn. L. Rptr. 513 (February 3, 1992, DeMayo, J.). See also Griffin Hospital v. Commission on Hospital HealthCare, supra, 196 Conn. 457-58. The court has "repeatedly held that the issuance of an injunction rests in the sound discretion of the trial court." (Internal quotation marks omitted.) Anderson v.Latimer Point Management Corp., supra, 208 Conn. 262.
In the present case, the plaintiffs allege that they have been using Bird Lane and have given permission to others to use Bird Lane since 1978, the time in which the plaintiffs acquired title to their first parcel of land that abutted Bird Lane. The plaintiffs further allege that Buck, who claims ownership of Bird Lane, never objected to their use of Bird Lane and that no attempt to obstruct the plaintiffs' use of Bird Lane occurred until October of 1994, when Buck authorized David Tice to block Bird Lane with a vehicle. Thus, the plaintiffs contend that they have acquired a prescriptive easement over Bird Lane.
"Prescriptive easements are recognized in this state. . . . To establish an easement by prescription it is absolutely essential that the use be adverse. It must be such as to give a right of action in favor of the party against whom it has been exercised. . . . In order to prove such adverse use, the party claiming to have acquired an easement by prescription must demonstrate that the use of the property has been open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. There can be no claim of right unless the use is unaccompanied by any recognition of his right [of the servient tenement] to stop such use. A use by express or implied permission or license cannot ripen into an easement by prescription. . . . Connecticut law refrains from extinguishing or impairing property rights by prescription unless the party claiming to have acquired an easement by prescription has met each of these stringent conditions." (Citations omitted; internal quotation marks omitted.) Westchesterv. Greenwich, 227 Conn. 495, 501, 629 A.2d 1084 (1993).
General Statutes § 47-37 provides: "No person may acquire a CT Page 9011 right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years."
If the plaintiffs have a prescriptive easement over Bird Lane, then they would have a protectable interest at stake. The question remains, however, whether the plaintiffs fulfilled all the requirements for securing an easement by prescription. "Whether the requirements for [a prescriptive easement] have been met in a particular case presents a question for the trier of facts after the nature and character of the use and the surrounding circumstances have been considered." (Internal quotation marks omitted.) Gioielli v. Mallard Cove Condominium Assn. Inc.,37 Conn. App. 822, 830 ___ A.2d ___ (1995). The court finds that the plaintiffs' witnesses' testimony during the evidentiary hearing does not support a finding that the plaintiffs' use of Bird Lane was "visible, continuous, and uninterrupted." The plaintiffs offered testimony that various persons including themselves, persons invited by the plaintiffs, and the previous owners of the plaintiffs' property, had used Bird Lane both before and after the plaintiffs acquired title to the lots abutting Bird Lane in 1978.[2]
Nevertheless, the instances of use testified to were too infrequent and random to be considered visible, continuous and uninterrupted. Therefore, the plaintiffs have failed to show that they would prevail after a hearing on the merits for a permanent injunction.
An additional condition of granting an application for a temporary injunction is that if the temporary injunction were to be denied, the plaintiff would suffer a greater harm than the defendant. Soderbloom v. Yale University, supra,5 Conn. L. Rptr. 513. See also Griffin Hospital v. Commission on Hospital HealthCare, supra, 196 Conn. 457. In the present case, the plaintiffs allege that they maintain a tree farm operation on the lots abutting Bird Lane and that without access to said property the tree farm would suffer. The court finds that the evidence produced at the hearing failed to support a finding that a legitimate tree farm operation was being conducted on the plaintiffs' property. There were photos admitted at the hearing that showed a small number of saplings;[3] however, there were far too few to constitute, in the court's opinion, what the plaintiffs considered to be a tree farm. Additionally, other photos of the area showed a large displacement of earthen materials which, seemingly, is inconsistent with the preparation of a tree farm. "[W]here an injury is of such a nature that it cannot be adequately compensated in damages, or cannot be measured by any pecuniary standard it is irreparable." CT Page 9012 (Internal quotation marks omitted.) Sonenclar v. Barlag, Superior Court, judicial district of Stamford/Norwalk at Stamford — D.N. 0129236 (March 8, 1993, Hickey, J.). Thus, any damage to the small amount of trees presently on the plaintiffs' property could be remedied with monetary damages and therefore the loss of the use of Bird Lane will not impose irreparable harm on the plaintiffs.
Furthermore, if the plaintiffs are prohibited from accessing their property from Bird Lane, alternate means of ingress and egress may be obtainable by the plaintiffs. Testimony at the evidentiary hearing seemed to indicate that the plaintiffs may have an easement by necessity over a parcel of land between the plaintiffs' land and Marion Road. Nevertheless, the issue of whether the plaintiffs have such an easement is not decided as it is not before this court. It does, however, factor into the court's analysis when it decides whether the plaintiffs will be irreparably harmed if the injunction is denied or whether the plaintiffs have an adequate remedy at law.
Accordingly, the plaintiffs failed to satisfy all the requirements in order to secure a temporary injunction and therefore the plaintiffs' application for a temporary injunction is denied.
John W. Moran, Judge