[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this action are the owners of approximately thirty-two acres of real estate located in the Town of Darien.
By Quit-Claim Deed, from Howard S. Ives, State Highway Commissioner, dated May 11, 1962, the now deceased F. Francis D'Addario acquired 9.8 acres. ("Original D'Addario Property")
By two warranty deeds, one from Louis J. Kuriansky, Trustee, dated May 28, 1982, and the other from The Bi-Cultural Day School, Incorporated, dated June 1, 1982, F. Francis D'Addario acquired approximately twenty-two acres. The aforementioned two deeds were recorded with the Darien Town Clerk on June 1, 1982.
The defendants are the owners of approximately 3.6 acres of adjacent real estate, acquired by Quit-Claim Deed from Howard S. Ives, State Highway Commissioner to Ernest L. Duhaime and Harvey T. Duhaime, dated August 30, 1965. ("Duhaime Property")
The State of Connecticut, during the mid-fifties, acquired by condemnation a considerable amount of land for the construction of the Connecticut Turnpike and rest area. The two above referenced quit-claim deeds from the State Highway Commissioner represented the conveyance by the state of excess land not needed for the construction of the highway and other related improvements.
The 1962 deed conveying the 9.8 acres from the State Highway Commissioner to D'Addario contains a grant of a right of way as follows:
 "And the Releasor herein does hereby give and grant unto the said Releasee, his heirs and assigns forever, a full and perpetual right of way located on land of the Releasor herein, situated in the Town of Darien, County CT Page 9260 of Fairfield and State of Connecticut, on the westerly side of Hollow Tree Ridge Road. The said right of way is bounded and described as follows:
NORTHERLY — by land of The New York, New Haven and Hartford Railroad Company, about 742 feet;
EASTERLY — by Hollow Tree Ridge Road, abut 50 feet;
SOUTHERLY — by land of the Releasor herein, about 719 feet, by a line which is 50 feet southerly from and parallel with the division line between lands of The New York, New Haven and Hartford Railroad Company and of the Releasor, a line of fence posts;
WESTERLY — by land herein conveyed to the Releasee, about 54 feet."
 "The purpose of the easement herein granted is to provide access to and from the land herein conveyed, from and to Hollow Tree Ridge Road."
 The 1965 deed conveying the 3.6 acres from the State Highway Commissioner to the Duhaimes reads in part as follows:
 "The above described premises are conveyed subject to such rights and easements as may appear of record and to any state of facts which an inspection of the premises may show, and especially to an easement in favor of the town of Darien for a sanitary sewer, and to an easement in favor of F. Francis D'Addario for Ingress and Egress to and from Hollow Tree Ridge Road, both of said easements being located on the northerly 50 feet of the above described premises as shown on the map hereinafter referred to."
The Duhaime Property fronts 144 feet along Hollow Tree Ridge Road, subject to the D'Addario 50 foot easement located along the northerly portion of the Duhaime Property. The 9.8 acre D'Addario property abuts and is located behind the Duhaime parcel. The 22 acre D'Addario parcel abuts and is behind and the 9.8 D'Addario property. CT Page 9261
There is no dispute that the 50 foot right of way over the Duhaime Property may bed used to serve the 9.8 acre D'Addario Property.
This dispute arises out of the proposed development of the approximately 32 acre D'Addario Property for a residential development, consistent with the Designed Multi-Family Residential Zone ("DMR"). The D'Addario and Duhaime parcels are zoned DMR.
The defendants maintain that the 50 foot right of way may not bed used to benefit the 22 acre D'Addario parcel.
The plaintiffs are seeking a declaratory judgment as to the respective rights of the parties with regard to the use of the easement, and to establish the plaintiffs' right to use the 50 foot right of way for ingress and egress to the 22 acre D'Addario Parcel for all lawful purposes as permitted under the Zoning Regulations of the town of Darien.
The action is brought in three separate counts: Count One, easement by grant; Count Two, easement by implication and by reasonable necessity; Count Three, easement by prescription.
The deed from the State Highway Commissioner to D'Addario, conveying the 9.8 acre parcel contains the following paragraph, immediately after the section of the deed which grants the 50 foot right of way:
 "It is expressly understood and agreed that all rights of access are specifically denied directly to and from other land of the Releasor located on the southerly side of the easement area herein granted, from and to the said easement area."
The court rejects the plaintiffs' argument that in addition to denying D'Addario all right of access to other land of the State of Connecticut, the State (now Defendants) is specifically denied access to and from the 50 foot easement area.
A review of the maps referenced in the State's conveyance to both D'Addario and Duhaime indicate that the non-access language was intended to preclude access to other land of the Relessor used for the limited access highway. CT Page 9262
"The construction of a deed in order to ascertain the intent expressed in the deed presents a question of law and requires consideration of all its relevant provisions in the light of the surrounding circumstances." Carbone v. Vigliotti, 222 Conn. 216,222.
The language creating the easement is clear, "And the Releasor herein does hereby give and grant unto the said Releasee, his heirs and assigns forever, a full and perpetual right of way. . . ."
While this court finds that the defendants may use the easement area, it is very clear that the defendants can not interfere with plaintiffs' use of the right of way.
The plaintiffs' Second Amended Complaint and Plaintiffs' Exhibit #12 reflect the fact that the Executors of F. Francis D. D'Addario conveyed a one-quarter interest in the 9.8 acre parcel to Joan D. Benedetto by deed dated May 27, 1988. The two contiguous properties comprising the D'Addario Properties are not in common ownership. This court can not find a merger.
The court does find, however, that there was no credible evidence that the intended use, permitted under current zoning regulations, would overburden the easement to the detriment of the defendants.
The defendant argues that there was no unity of title between the D'Addario 9.8 acre parcel and the D'Addario 22 acre parcel, because the State of Connecticut never owned the 22 acre parcel.
"The way can become legally attached to the dominant estate only if the same person has unity of title to both the way and the dominent estate." Curtin v. Franchetti, 156 Conn. 387, 389."
"In Ozyck v. D'Atri, 206 Conn. 473, 479 however, this court declined to reconsider our adherence to this doctrine because it was not clear in that case that the grantor had intended to create an easement for the benefit of a "stranger to the title". While we recognize that several commentators view the unity of title doctrine as an obsolute vestige of feudalism that frustrates the intention of the grantor; H. Harris, "Reservations in Favor of Strangers to the Title," 6 Okla. L. Rev. 127 (1953); 2 American Law of Property (Casner Ed. 1952) § 8.29; 5 Restatement, Property § 472, comment a; we decided to defer CT Page 9263 reconsideration of the subject until we are confronted with a case in which the grantor's intention to create an interest that would violate the rule is reasonably clear." Carbone v.Vigliotti, 222 Conn. 216, 223, 224.
In view of this court's conclusion, to bed discussed later in this decision, that an easement by necessity exists in this case, the resurrection or demise of the unity of title question will bed deferred to our Supreme Court.
The plaintiffs put forth considerable evidence to support their contention that the history of the use of the 22 acre D'Addario site resulted in the creation of an easement by adverse use. Section 47-37 Connecticut General Statutes.
"To establish an easement by prescription it is absolutely essential that the use bed adverse. It must bed such as to give a right of action in favor of the party against whom it has been exercised. In order to prove such adverse use, the party claiming to have acquired an easement by prescription must demonstrate that the use of the property has been `open, visible, continuous and uninterrupted for fifteen years and made under a claim of right.'" Westchester v. Greenwich, 227 Conn. 495, 501.
The evidence presented did not support a use made under a claim of right. The clear and convincing evidence leads this court to conclude that the considerable truck traffic over the 9.8 acre parcel on to the 22 acre parcel, prior to D'Addario's purchase of the 22 acre parcel, was accomplished with D'Addario's consent.
An affidavit from Hector Nevard, which states that he has been familiar with the 22 acre site for more than fifty years makes no mention of a claim of right over the right of way. Mr. Nevard was a tenant on the 22 acre site and stated "I have been working at this location six days a week for virtually every week since 1937. His affidavit does say that "Since 1972, all trucks at the site have used the Hollow Tree Ridge Road access."
Mr. Albert Paolini, a long term former executive of D'Addario Industries, testified regarding the location of gates in the vicinity of the entrance to the 50 foot right of way at Hollow Tree Ridge Road and at the terminus of the 9.8 acre parcel. He testified that the town of Darien and Mr. Nevard had keys to these gates. The town of Darien has a pumping station on the 22 CT Page 9264 acre site. There is no question that considerable truck traffic traversed the 50 foot right of way and the 9.8 acre site to gain access to the 22 acre site over a period of many years. "A use by express or implied permission or license cannot ripen into an easement by prescription." Sachs v. Toquet, 121 Conn. 60,Westchester v. Greenwich, supra.
The unusual circumstances present in this situation which arise out of condemnation of properties for the Connecticut Turnpike, the unique location of these properties, the natural and physical boundaries of the area and the adverse impact of regulatory statutes warrant a finding of easement by implication or reasonable necessity.
Prior to 1972, access to the 22 acre site could bed achieved over a bridge across the Noroton River leading to Lenox Avenue in Stamford. The original bridge was destroyed in 1955 and replaced by a temporary bridge which was also destroyed in 1972.
Mr. Raymond Nurme, Darien's long term and well respected Planning Zoning Director, testified that the Darien Planning 
Zoning Commission would more than likely not approve a connection to Lenox Avenue. Further, he said that the neighbors on and about Lenox Avenue have a "veto" over any proposed bridge construction. Stamford Code Section 214-24B requires that any bridge must have prior approval of the Board of Representatives, the Planning and Environmental Protection Board, the City Engineer and the Traffic, Fire and Police Departments.
The cost of a bridge was raised by the defendant's attorney during cross-examination of Mr. Paolini. The cost of a bridge was never established because the witness felt that such a project would never receive the various and voluminous federal state and local approvals. This court finds that there is no reasonable probability of obtaining such approvals.
In Marshall v. Martin, 107 Conn. 32 (1927), the Court considered various cost elements and pointed out that it is not a question of obtaining an access that is inconvenient or expensive.
As noted:
 "It may be, however, that while access to the property is not absolutely cut-off, the circumstances of the case are CT Page 9265 such that the means of access available would not afford the land owner any real beneficial enjoyment of his property. Such a situation would arise when the expense of making the means of access available would exceed the entire value of the property of which access was sought. Such a means of access would be no better than none at all and there would seem to be equal reason for presuming a grant under such circumstances as in the case where there was no access. Although there are cases which hold that the way must be one of strict necessity, the weight of authority supports what seems to us to be the better rule that the necessity need only be a reasonable one (107 Conn. at 37)."
The court finds no possibility of any access to the south, over the land of the State of Connecticut. Any access to the south would violate the non-access language in the deeds and the notes on the various maps. Also, there is no possibility of access to the north of the site over the main line of the railroad tracks.
The 22 acre parcel is entirely landlocked, on the north by the railroad, on the south by the state highway and related facilities and on the west by the river.
The only means of ingress and egress to the rear 22 acre D'Addario property is from Hollow Tree Ridge Road.
Judgment is entered in favor of the plaintiff. The court finds that the plaintiffs have a valid 50 foot right of way over the Duhaime Property which may bed used to develop the approximated thirty-two acre parcels for all lawful purposes as may bed permitted under the Darien Zoning Regulations.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of September, 1997.
RICHARD J. TOBIN, J.