[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, herein, Francine Gallo-Mure has brought this action claiming a prescriptive easement over land of the defendants James and Maureen Tomchick and Frank and Betsy Bisecco and is seeking to enjoin the defendants from interfering with her use of the alleged easement.
The defendants are the owners of 183 and 185 Ocean Avenue while the plaintiff is the owner of 15 Annawon Avenue all of which properties are located in the Town of West Haven. The Tomchiks and the Biseccos share a common driveway entering from Ocean Avenue. It is along this driveway that the plaintiff claims to have acquired a prescriptive easement allowing her to gain access to the rear of her property. The plaintiff's easterly boundary constitutes a portion of the defendant Tomchiks westerly boundary.
It is the desire of the Tomchiks to erect a fence along this boundary that gives rise to this action. The erection of a fence would prevent the plaintiff from being able to access her property from the driveway on 183 and 185 Ocean Avenue. This she claims would interfere with her easement which she claims was acquired by prescription. The plaintiff also claims the right to park her vehicles on the so-called right of way (i.e., the common driveway).
Section 47-37 of the Connecticut General Statutes defines a prescriptive easement as follows:
 "No person may acquire a right-of-way or any other CT Page 13001 easement from in upon or over land of another by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." Connecticut General Statutes 47-37.
"[A] prescriptive easement is established by proving an open, visible, continuous and uninterrupted use for fifteen years made under a claim of right. . . . A prescriptive easement must be proved by a fair preponderance of the evidence." Crandall v. Gould, 46 Conn. App. 164, 167
(1997).
To establish an easement by prescription it is absolutely essential that the use be adverse. It must be such as to give a right of action in favor of the party, against whom it has been exercised. . . . In order to prove such adverse use the party claiming to have acquired an easement by prescription must demonstrate that the use of the property has been open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. . . . There can be no claim of right unless the use is unaccompanied by any recognition of [the right of the servient tenement] to stop such use. A use by express or implied permission or license cannot ripen into an easement by prescription. . . . Connecticut law refrains from extinguishing or impairing property rights by prescription unless the party claiming to have acquired an easement by prescription has met each of these stringent conditions." Westchester v. Greenwich,227 Conn. 495, 501. (Internal citations and quotes omitted)
"That a claim was actually made and brought to the attention of the owner of the fee is not essential in order to establish that the user was made under a claim of right. Nothing more is required than a user as of right that is without recognition of the rights of the owner of the servient tenement." Zavasza v. Hastings, 143 Conn. 40, 45-46.
"In a claim for a prescriptive easement the burden is on the party claiming the right. Swenson v. Dittner et al., 183 Conn. 289, (internal citations omitted)." All that os required is a showing by a fair preponderance of the evidence that the use was adverse." Schultz v.Synertsen, 219 Conn. 81, 91 (1991) (internal citations omitted)
The plaintiff acquired the property at 15 Annawon Avenue in May of 1971 and from the very beginning made use of the so called right of way (i.e., the common driveway) to access the rear of her property, 15 Annawon Avenue. The testimony of Robert Squeglia who resided at 183 Ocean Avenue from August of 1954 to July of 1999, observed the plaintiff's use of the property from the very beginning and at no time did object to her use of the property. In fact, he asked her to contribute to the snow removal since she was using the driveway to access her property, which CT Page 13002 she agreed to.
At all times she indicated that she had a right to use the driveway for access. Evidence was submitted of a wire fence along the property line which would have prevented her from accessing the rear of her property. There was insufficient evidence to prove that the fence extended across the rear of her property.
Even as to the present owners of 183 and 185 Ocean Avenue she had indicated she had a right to use the property and that no one was going to stop her. When the owners of 183 Ocean Avenue attempted to erect a fence along the rear property line, an event that would cut off her access, this lawsuit ensued.
The court finds that the plaintiff has shown by a fair preponderance of the evidence that she has made use of the common driveway in an open, visible, continuous and uninterrupted manner for a period in excess of 15 years and under a claim of right.
As for the plaintiff's claim of a prescriptive right to park her vehicles, the court is of the opinion that the plaintiff has failed to prove by a fair preponderance of the evidence, that she has made use of the common driveway for the purpose of parking her vehicles in a manner that was open, visible, continuous and uninterrupted for a period of 15 years and under a claim of right. When asked to move their vehicles, they did so even to the extent of her husband parking his vehicle on Annawon Avenue when asked to remove it.
The plaintiff has also made a claim for damages resulting from the removal of several trees that were growing along her boundary line. This claim is without merit. The defendant Tomchik had engaged the services of a surveyor to mark the boundary line. All but a portion of one tree were on the Tomchik property and the trunk that extended over the plaintiff's property was removed only after permission was obtained.
The court therefore finds that plaintiff has obtained a prescriptive easement to travel over the common driveway so as to gain access to the rear of her property at 15 Annawon Avenue and the defendants are hereby enjoined from interfering with that right.
Judgment may enter in accordance with the above.
The Court
By Curran, J. CT Page 13003